IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN P. BROWN,

    Plaintiff,

v.                                                           Civil No. 02-359 WWD

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    1. THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint in Lieu of an Answer ("Motion to Dismiss"), filed July 10, 2002 **[Doc. 9]**. Defendant contends that this Court lacks jurisdiction to review the Social Security Administration's ("SSA") denial of Social Security benefits to Mr. Brown because the Commissioner dismissed his application on grounds of administrative res judicata and refused to reopen a prior claim. While Plaintiff concedes that this Court ordinarily lacks jurisdiction to review such decisions, he believes that his case is an exception to that rule because he presents a colorable constitutional claim. Plaintiff requests the Court to remand this case for a determination of the merits of Mr. Brown's application.

    2. Plaintiff filed two applications prior to the one which the Administrative Law Judge ("ALJ") dismissed on the basis of res judicata. The first was filed on April 7, 1987, alleging an onset of disability of February 28, 1987. That application was denied on May 6, 1987 and no appeal was taken. The second was filed on May 22, 1989, alleging an onset of disability of February 15, 1987, and was initially denied on September 14, 1989. Plaintiff appealed that

decision, and following a reconsideration, his claim was denied on November 1, 1989.

  3. Plaintiff's most recent application was filed on November 30, 1999 and alleged an onset date of February 15, 1987. After an initial denial, Plaintiff requested reconsideration and a hearing before an ALJ, at which he was represented by counsel. The ALJ considered "whether the claimant's current application . . . is barred under the doctrine of res judicata," but also treated the application as requiring a determination of "whether there is any basis for reopening Mr. Brown's prior 1989 application." Tr. at 29. On March 6, 2001, the ALJ determined that Plaintiff's current application was barred by the doctrine of res judicata and that there was no basis for reopening the May 22, 1989 claim.[1] Plaintiff's period of insured status ended on June 30, 1989.

  4. Plaintiff contends that the Defendant's Motion to Dismiss should be treated as a motion for summary judgment. However, because the Motion to Dismiss is based on a lack of jurisdiction, there is no need to convert Defendant's motion to dismiss into one for summary judgment, even though the parties refer to the administrative record which is outside of the complaint. See SK Finance SA v. La Plata County, Bd. of County Commissioners, 126 F.3d 1272, 1275 (10th Cir. 1997); Matthews v. United States, 720 F.Supp. 1535, 1536 (D.Kan. 1989).

  5. Here, "the district court has jurisdiction to determine, as appropriate, whether res

---

[1] In refusing to reopen Plaintiff's prior application, the ALJ considered and rejected Plaintiff's argument that the denial notice of November 1, 1989 violated his due process rights. The ALJ reviewed the factors listed in SSR 95-1p and found that Plaintiff failed to "provide[] an acceptable explanation that would establish a link in this case between the language in the [defective] notice and his failure to file a timely administrative review." Tr. at 32. The ALJ further found there was "no evidence of any mental incapacity or any deficiencies in Mr. Brown's educational background that would constitute a basis for extending the deadline to" review the denial of Plaintiff's previous application. Id.

judicata has properly been applied." McGowen v. Harris, 666 F.2d 60, 66 (4th Cir. 1981). Moreover, "[i]f the court determines that administrative res judicata was improperly applied . . . the court may then address the merits of the claim." Tucker v.Sullivan, 779 F.Supp. 1290, 1295 (D.Kan. 1991) (citing McGowen, 666 F.2d at 66).

6. Plaintiff points out that a six month period of time prior to the expiration of his insured status, from December 31, 1988 through June 30, 1989, was not adjudicated, and thus, cannot properly be subject to denial on the basis of res judicata. The Commissioner agrees,[2] and requests the Court to remand this matter "solely for the purpose of adjudicating this six-month period." Def.'s Reply at 1 **[Doc. 13]**.

7. I agree with the parties that the Commissioner improperly applied administrative res judicata to deny Plaintiff's current application with respect to this six month period. However, the parties have neither requested the Court to review the merits, nor do I find it practical to do so. Accordingly, I find that this matter should be remanded to the Commissioner for further proceedings on this matter.

8. There are only two types of remand available under the Social Security Act. See Gutierrez v. Sullivan, 953 F.2d 579, 581 (10th Cir. 1992) (citing Melkonyan v. Sullivan, 501 U.S. 89 (1991)). The first type of remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." Id.

---

[2] The Commissioner indicated that, at the time of his decision, the ALJ was unaware that this period of time had not been adjudicated.

    9.   The second type of remand is available under the sixth sentence and provides:

> The court may, on motion of the [Commissioner of Social Security] made for good cause shown before [the Commissioner] files [the Commissioner's] answer, remand the case . . . for further action.

Id. at 581-82.

    10.   Given the circumstances and the procedural posture of this case, I do not find it prudent for the Court to enter a judgment on the record; thus, it is not appropriate to remand this cause pursuant to Sentence Four. However, I find that the Defendant has shown good cause to remand this matter to the Commissioner for further action pursuant to Sentence Six. Thus, the Court will deny Defendant's Motion to Dismiss, and will remand this matter to the Commissioner for the administrative adjudication of the last six months of Plaintiff's insured status. Finally, the Court declines to address the remainder of the parties' arguments, until such time that they are raised before the Court following the completion of the adjudication proceedings on remand.

    WHEREFORE,

    IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint in Lieu of an Answer **[Doc. 9]** is DENIED.

    IT IS FURTHER ORDERED that this matter is remanded to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion, specifically, the adjudication of the six month period of time prior to the expiration of Plaintiff's insured status.

    IT IS FURTHER ORDERED that the Commissioner shall have six (6) months from the date of entry of this memorandum opinion and order in which to complete the adjudication of the six month period. Should the parties require more time to complete the administrative

proceedings on remand, the Court will consider motions for extension of time.

*[signature]*
UNITED STATES MAGISTRATE JUDGE